**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MORRISON URENA, L.C.,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendants.* | **Case No.:** 22-2439 (DLF)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NUNC PRO TUNC MOTION FOR EXTENSION** |

Plaintiff MORRISON URENA, L.C. filed this action to accelerate the production and release of documents related to a December 9, 2022 policy change in the Diversity Visa Program for FY-2022, that turned the rank order consideration for the program on its head. Plaintiff sought this information to better inform the law firm's many FY-2022 Diversity Visa selectee clients about the policy change, and in order to preserve the rights of those prejudiced by the policy change.

From the Certified Administrative Records in litigation before this court (*Ertas v. Blinken*, 1:22-cv-02297-DLF, ECF No. 10; *Esfahani v. Blinken*, 1:22-cv-02680-DLF, ECF No. 9; and *Saeedifar v. Blinken*, 1:22-cv-02266-DLF, ECF No. 12) and other cases before other judges in this district, Plaintiff has learned that the above-referenced policy change was an intentional deviation from processing FY-2022 Diversity Visa selectees by rank order.[1] First, on December 3, 2021, an

---

[1] Title 22 C.F.R. § 42.51(b) sets forth how Defendant should allocate diversity visa selectees a visa number. The regulation states that "visa numbers shall be allocated within the limitation for each specified geographical region in the random order determined in accordance with sec. 42.33(c) of this part." § 42.51(b). Title 42.33(c) established the rank orders determined by the computer

1

ACTION MEMO FOR DEPUTY ASSISTANT SECRETARY STUFFT, shows that Defendant STUFFT approved the suspension of the document review process knowing that "[w]ith respect to cases in which applicants have already submitted their documents and KCC has completed document review, KCC will schedule those cases in rank order before scheduling the cases that have only submitted a DS-260." Ex. A, *Action Memo For Deputy Assistant Secretary STUFFT*, at 2. Second, on December 9, 2021, Secretary of State ANTONY BLINKEN sent a cable implementing the action, noting the same. Ex. B, *State Department Cable 21 STATE 123052*, at 2. Defendant requested a negligible minority of FY-2022 DV selectees to submit their documents, yet a great many did. Defendants created a VIP section prioritizing many, likely thousands, of high-case number rank FY-2022 DV selectees in front of low case number rank FY-2022 selectees who followed Defendants' instructions in their selection letters

      Through its FOIA request filed in July, Plaintiff sought " any emails, reports, or records recommending the policy change/pilot program for the Diversity visa program for FY 2022, including records that weighed the costs and benefits of the change, any guidance, including cables, emails, or slide presentations, sent to consulate posts implementing the pilot program, all records related to the monitoring or analysis of, "the costs and benefits to this change," all State Department records, including emails or reports, related to whether the policy change/pilot program would be extended to processing of Diversity Visa applicants for FY-2023, or for processing of court-reserved visas from FY-

---

program. This means that just as the order consideration must occur by rank order, so too must the allocation of visas.

2020 or FY-2021 (Date Range for Record Search: From 12/9/2021 To 7/18/2022). FOIA Request, ECF No. 1-1.

Convenient to its litigation objectives in this district and before this Court, namely avoiding reviewability from claims made by FY-2022 Diversity Visa selectees, Defendant flaunted its deadline to respond to Plaintiff's complaint, just as Defendant flaunted the statutory obligation to produce the requested records, just as Defendant flaunted its deadline to respond to one motion for a temporary restraining order. See: *Esfahani v. Blinken*, 1:22-cv-02680-DLF, ECF No. 13, *Defendants' Response to Show Cause*. One would think that would be enough. But no.

Now Defendant requests a one-week extension of their deadline, arguing that it "does not believe that it will prejudice Plaintiff should the Court grant this request." ECF No. 5 at ¶¶ 2, 4. Yet, Defendant's counsel was present with Plaintiff's attorneys at five hearings on motions for temporary restraining orders for Plaintiff's FY-2022 Diversity Visa clients this week, where the cost (*i.e.* the victims) of this policy change was a central issue. Of course, this extension prejudices Plaintiff because it prejudices Plaintiff's ability to advocate for its clients. Defendant and specifically Defendant's counsel knows that this production will have little value to Plaintiff or Plaintiff's FY-2022 Diversity Visa clients after the end of the fiscal year.

Dated: September 24, 2022                               Respectfully submitted,

                                                        */s/ Curtis Lee Morrison*
                                                        Curtis Lee Morrison (1631896)
                                                        **MORRISON URENA, L.C.**
                                                        8910 University Center Lane
                                                        Suite 400
                                                        San Diego, CA 92122
                                                        Phone: (323) 489-5688
                                                        Email: curtis@morrisonurena.com

                                                        *Counsel for Plaintiff*