UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MORRISON URENA, L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-2439 |
| UNITED STATES DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### ANSWER

Defendant, the United States Department of State ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed against Defendant by Morrison Urena, L.C. ("Plaintiff") in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs as follows:

**INTRODUCTION**[1]

1.      The allegations in Paragraph 1 constitute Plaintiff's characterization of this action and conclusions of law, to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 1 except admits that Defendant received a request from Plaintiff in July 2022 under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**JURISDICTION & VENUE**

2.      Paragraph 2 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

3.      Paragraph 3 contains legal conclusions to which no responses are required.  To the extent a response is required, Defendant respectfully directs the Court to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202, and Federal Rules of Civil Procedure 57 and 65 for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

4.      Paragraph 4 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this judicial district for proper FOIA challenges.

**PARTIES**

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

---

[1]      For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6.      Defendant admits only that the Department of State is an agency subject to FOIA. The remaining allegations in Paragraph 6 consist of conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations. Defendant furthermore avers that the website referenced in Footnote 1 of Paragraph 6 speaks for itself, and respectfully refers the Court to the website for a full and accurate statement of its contents, and denies any allegation inconsistent therewith.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A) for a complete and accurate representation of its contents and denies any allegation inconsistent therewith.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

## FACTUAL ALLEGATIONS

9.-71.   The allegations contained in these paragraphs contain Plaintiff's characterizations of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

72.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 except admits that Plaintiff submitted a FOIA request to Defendant on July 18, 2022, which Defendant subsequently numbered F-2022-10501.

73.      Paragraph 73 consists of Plaintiff's characterization of Plaintiff's July 18 FOIA request, which speaks for itself.  To the extent a response is required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

74.     Paragraph 74 consists of Plaintiff's characterization of Plaintiff's July 18 request, which speaks for itself.  To the extent a response is required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

75.     Paragraph 75 consists of Plaintiff's characterization of Plaintiff's July 18 request, which speaks for itself.  To the extent a response is required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

76.     Paragraph 76 consists of Plaintiff's characterization of the acknowledgment message Defendant sent on July 19, 2022, which speaks for itself.  To the extent a response is required, Defendant respectfully refers the Court to that message for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

77.     Paragraph 77 consists of Plaintiff's characterization of the acknowledgment message Defendant sent on July 19, 2022, which speaks for itself.  To the extent a response is required, Defendant respectfully refers the Court to that message for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

78.     Paragraph 78 consists of Plaintiff's characterization of the acknowledgment message Defendant sent on July 19, 2022, which speaks for itself.  To the extent a response is required, Defendant respectfully refers the Court to that message for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

79.     Defendant admits that it has had no communication with Plaintiff since its acknowledgment message on July 19, 2022, and until the filing of this Complaint.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 80.  The second sentence contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to FOIA for a complete and accurate representation of its contents and denies any allegation inconsistent therewith.  Defendant admits the third sentence only to the extent that Defendant has not provided Plaintiff with any additional updates since its acknowledgment message on July 19, 2022.  The remaining allegations of the third sentence of Paragraph 80 either contain legal conclusions to which no response is required or are allegations as to which Defendant lacks sufficient knowledge or information.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

## CLAIM FOR RELIEF

### Violation of Freedom of Information Act
### (Failure to Provide Timely Response to FOIA Request)

83.     Defendant incorporates by reference its responses to paragraphs 1-82 above.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it is an agency subject to FOIA, respectfully refers the Court to 5 U.S.C. § 552(a)(3), and denies any remaining allegations in this paragraph inconsistent therewith.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(b) for a

complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

86.    Paragraph 86 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

87.    Paragraph 87 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A) and denies any allegations in this paragraph inconsistent therewith.

88.    Paragraph 88 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A)(i) and denies any allegations in this paragraph inconsistent therewith.

89.    Paragraph 89 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(B)(i) and the case cited in this paragraph and denies any allegations in this paragraph inconsistent therewith.

90.    Paragraph 90 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A)-(C) and denies any allegations in this paragraph inconsistent therewith.

91.    Paragraph 91 contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

The allegations in paragraphs a. through e. under the "Prayer for Relief" section of the Complaint consist of Plaintiff's request for relief, to which no response is required. To the extent

that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

Defendant has not improperly withheld any records requested by Plaintiff under FOIA.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorization under the FOIA.

### Third Defense

Plaintiff is not entitled to compel the release of records or portions of any record exempt from disclosure under the FOIA.

### Fourth Defense

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

### Fifth Defense

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## <u>Sixth Defense</u>

To the extent that Plaintiff failed to satisfy prerequisites to suit, this Court lacks jurisdiction over any matter as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

\*        \*        \*

Dated: September 28, 2022
　　　　Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Counsel for Defendant*